1   **WO**

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                       FOR THE DISTRICT OF ARIZONA

7

8   Christopher Austin on behalf of minor son,)   No. CV-08-1222-PHX-LOA
    S.A.,                                      )
9                                              )   **ORDER**
                    Plaintiff,                 )
10                                             )
    vs.                                        )
11                                             )
    State of Arizona; et al,                   )
12                                             )
                    Defendants.                )
13  _____)

14          This action arises on Defendants' Motion to Dismiss, filed on July 3, 2008.

15  (docket # 5)  On August 4, 2008, all parties expressly consented in writing to magistrate-

16  judge jurisdiction pursuant to 28 U.S.C. § 636(c).  (docket # 6 and # 9)  The Court con-

17  cludes that oral argument on the pending Motion is unnecessary because the parties have

18  adequately briefed the issues.  *Mahon v. Credit Bur. of Placer County, Inc*., 171 F.3d

19  1197, 1200 (9th Cir. 1999).  After considering the parties' briefings and the relevant case

20  law, the Court will grant the Motion and will dismiss the Complaint with leave to amend

21  some claims and without leave to amend others.

22                              **<u>BACKGROUND</u>**

23          On June 10, 2008, Plaintiff Christopher Austin, father of the minor, S.A.,[1]

24  _____

25          [1] Plaintiff's counsel used the minor's first and last name initials throughout the
    Complaint, presumably to protect the minor's true name and identity. In Plaintiff's Response
26  to the subject Motion, however, counsel did not redact the minor's name, his date of birth or
27  his Social Security number. (docket # 8-3; Exhibit B at 3) If this omission was an oversight,
    Plaintiff's counsel shall promptly file a motion to seal this Exhibit, consistent with the
28  District's ECF Manual; otherwise, it will remain a public document.

1   now 17 years of age, filed this § 1983 action in the Maricopa County Superior Court.

2   Defendants timely removed this lawsuit to this United States District Court on July 2,

3   2008, pursuant to 28 U.S.C. § 1441(b).  On July 3, 2008, Defendants filed their Motion to

4   Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), FED.R.CIV.P., for failure to state

5   a claim upon which relief may be granted, and Rule 12(b)(5), FED.R. CIV.P., for

6   insufficiency of service of process on Defendant Kellie Warren ("Warren") only.  (docket

7   # 5)

8        Plaintiff's Response wholly fails to address Defendant Warren's claim that

9   service of process on Defendant Michael Branham ("Branham"), Director of the Arizona

10  Department of Juvenile Corrections ("ADOJC"), did not constitute valid service upon

11  Defendant Warren. (docket # 8)  Defendants' Rule 12(b)(5) Motion will be summarily

12  granted, the improper service will be quashed, and Plaintiff will be given an opportunity

13  to effectively serve Warren with process by a deadline. LRCiv 7.2(I); *Randolph v. City of*

14  *East Palo Alto*, 2007 WL 1232057, * 2-3 (N.D. Cal. 2007) (citing *Stevens v. Security*

15  *Pacific Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

16                              **THE ALLEGATIONS**

17        Plaintiff Christopher Austin claims that between August, 2007 and

18  September, 2007, his son, S.A., was sexually molested by an ADOJC employee, Officer

19  Lori A. Sommerville ("Sommerville"), while S.A., age 16 at the time, was incarcerated in

20  ADOJC's Adobe Mountain School, Nova Unit, in Phoenix.[2]  (docket # 1 and # 8 at 7)

21  Plaintiff alleges that Sommerville "pled guilty on or about April 2008 to five counts of

22  Solicitation to Commit Unlawful Sex Conduct with a Person In Custody."  (docket # 1 at

23  ¶ 10)  Plaintiff further alleges that "Defendants have negligently failed to exercise their

24  duty of high care to protect victims of  [sexual] abuse and have treated [such] incidents

25  and occurrences with a cavalier indifference in violation of the *state* constitutional rights

26  of due process and equal protection." *Id*. at ¶ 11 (emphasis added).  Plaintiff claims that

27  _____

28        [2] The record does not indicate whether S.A. is presently incarcerated within ADOJC.

Sommerville's "sexual misconduct was known or should have been known by those in supervisory or higher level positions" at ADOJC.  *Id*. at ¶ 22 and ¶ 27.

Paragraphs 33-38 of the non-verified Complaint allege Defendants violated S.A.'s rights under, among others, "the Fifth and Fourteenth Amendments to the United States Constitution . . . when [the] incarcerated minor SA was sexually abused by an adult[,]" ADOJC officer and employee Sommerville. *Id*. at 15-16.  Paragraphs 39-44 further claim that "Defendants violated the Equal Protection Clause to the United States Constitution . . . [when] Defendants denied SA the right to safe and humane treatment as a boy incarcerated by" ADOJC.  *Id*. at 16-17.  Significantly, there are no specific factual allegations against Defendants Branham and Warren in the Complaint, detailing how they knew or should have known of Sommerville's sexual misconduct or her propensity to commit such misconduct. There are no allegations in the Complaint as to Branham's and Warren's positions of employment with ADOJC during the relevant time and whether Branham and Warren are being sued in their individual or official capacities with ADOJC.

After setting forth 16 "general allegations," Plaintiff's Complaint alleges, or attempts to allege, four separate causes of action or claims against the Defendants: negligence (Count One), negligent supervision and hiring (Count Two), a Fifth Amendment substantive due process violation pursuant to 42 U.S.C. § 1983 (Count Three), and an equal protection violation pursuant to 42 U.S.C. § 1983 (Count Four). (docket # 1; Exhibit 1 at 11-17)

Defendants' Motion to Dismiss sets forth four separate grounds why Plaintiff's Complaint fails to state a claim upon which may be granted: 1) the State of Arizona (the "State") is entitled to statutory immunity for the criminal acts of its employees; 2) the State is not a party within the meaning of 42 U.S.C. § 1983; 3) ADOJC is not a proper party because it is not a jural entity separate and apart from the State; and 4) the Complaint alleges no specific facts to warrant any liability on Defendants Branham and Warren.  (docket # 5)

1    Plaintiff's Response contends, among others, that the Complaint contains
2    "more than sufficient allegations setting forth facts to state a claim for recovery against
3    the State of Arizona acting through the Arizona Department of Juvenile Corrections
4    ("ADJC"), Michael Branham, ADJC director and his deputy director, Kellie Warren, for
5    harms that resulted from the sexual molestation of Mr. Austin's minor child, SA, by an
6    ADJC Officer while SA in custody."  (docket # 8 at 2)  The Court disagrees.

7    **RULE 12(b)(6) MOTION TO DISMISS**

8    In order to survive a dismissal motion for failure to state a claim pursuant to
9    Rule 12(b)(6), a complaint must allege "more than labels and conclusions and a
10   formulaic recitation of the elements of a cause of action[.]" *Bell Atlantic Corp. v.*
11   *Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). It must contain
12   factual allegations sufficient to "raise a right to relief above the speculative level." *Id*.
13   "The pleading must contain something more . . . than . . . a statement of facts that merely
14   creates a suspicion [of] a legally cognizable right of action." *Id*., (quoting 5 C. Wright &
15   A. Miller, *Federal Practice and Procedure* §1216, pp. 235-236 (3d ed. 2004)); *Yadin*
16   *Company, Inc. v. City of Peoria*, 2008 WL 906730, * 4 (D. Ariz. 2008) ("The Supreme
17   Court also explained that Rule 8 requires a 'showing,' rather than a blanket assertion, of
18   entitlement to relief.") (internal quotations marks omitted). In *Twombly*, an anti-trust
19   case, the Court tightened the standard for surviving Rule 12(b)(6) motions established in
20   *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) ("[A] complaint should not be dismissed for
21   failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set
22   of facts in support of his claim which would entitle him to relief." ). *Twombly*, 127 S.Ct.
23   at 1967-69. The Court expressed concern that *Conley's* standard could lead to
24   unnecessary and expensive pretrial discovery just to demonstrate the groundlessness of a
25   plaintiff's case in complex anti-trust litigation.  *Id*.  The Court held that a complaint must
26   include "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 1974.

27   "Generally, a district court may not consider any material beyond the
28   pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard*

- 4 -

1    *Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990); *Lee v. City of L.A.*, 250 F.3d

2    668, 688 (9th Cir. 2001). Indeed, a district court "may not look beyond the complaint to a

3    plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion

4    to dismiss." *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998).

5    Because Exhibits A[3] and B[4] to Plaintiff's Response to Defendants' Motion to Dismiss,

6    docket # 8, were not properly submitted as part of the Complaint, the Court will not

7    "incorporat[e] by reference" and consider these exhibits in ruling upon Defendants'

8    Motion to Dismiss. *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Amfac Mtg.*

9    *Corp. v. Arizona Mall of Tempe*, *Inc.*, 583 F.2d 426, 429-30 (9th Cir. 1978).

10           Prior to the Prison Litigation Reform Act ("PLRA"), a *pro se* prisoner/

11   litigant was entitled to notice of the deficiencies in the complaint and an opportunity to

12   amend, unless the complaint's deficiencies could not be cured by amendment.  *Noll v.*

13   *Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  Subsequent to passage of the PLRA in

14   1996,[5] the Ninth Circuit expressly affirmed a district court's discretion to allow amend-

15

16        [3] The United States Department of Justice's 38-page letter, dated January 23, 2004,

17   to Governor Janet Napolitano regarding its Civil Rights Institutionalized Persons Act

18   ("CRIPA") and Section 14141 investigation of, among others, Arizona's Adobe Mountain
     School. (docket # 8; Exhibit A, 1-38)

19        [4] Arizona Department of Juvenile Corrections' Criminal Investigative Report, file #

20   : 2007-21542C. (*Id*; Exhibit B, 1-72)

21        [5] Title 28 U.S.C. § 1915A provides:

22                (a) Screening.--The court shall review, before docketing, if feasible or, in any
                 event, as soon as practicable after docketing, a complaint in a civil action in

23               which a prisoner seeks redress from a governmental entity or officer or
                 employee of a governmental entity.

24

25                (b) Grounds for dismissal.--On review, the court shall identify cognizable
                 claims or dismiss the complaint, or any portion of the complaint, if the

26               complaint--

27                       (1) is frivolous, malicious, or *fails to state a claim upon which relief*
                         *may be granted*; or

28                       (2) seeks monetary relief from a defendant who is immune from such

                                                  - 5 -

1   ment and "should grant leave to amend *even if no request to amend the pleading was*

2   *made*, unless it determines that the pleading could not possibly be cured by the allegation

3   of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted)

4   (internal quotation marks omitted) (emphasis added). Citing Rule 15(a), FED.R. CIV.P.,

5   and prior Supreme Court and Ninth Circuit precedent, including *Doe v. United States*, 58

6   F.3d 494, 497 (9th Cir. 1995), the Ninth Circuit reversed the district court in *Lopez*,

7   stating "[t]he dismissal without leave to amend was therefore contrary to our longstand-

8   ing rule that [l]eave to amend should be granted if it appears at all possible that the

9   plaintiff can correct the defect. " *Id.* at 1130 (internal quotation marks omitted).

10          Neither counsel has cited, nor has this Court's independent research

11   discovered, any Ninth Circuit authority applying the new *Twombly* standard in the

12   context of determining whether to permit a § 1983 plaintiff to amend his complaint.

13   However, Ninth Circuit practice allows counseled plaintiffs in § 1983 actions an

14   opportunity to amend their complaints to demonstrate viable claims which mitigates

15   harsh rulings on motions to dismiss which may be more technical in nature than

16   substantive. *Yadin Company, Inc.*, 2008 WL 906730 at * 2 ("[t]he Court dismissed the §

17   1983 claim, the sole federal claim, with leave to amend because it failed to state an

18   actionable claim against Peoria pursuant to *Monell* . . . ."); *Alexander v. City and County*

19   *of Honolulu*, 2007 WL 2915623 (D. Hawaii 2007); *Martinez v. County of Madera*, 2005

20   WL 2562715 (E.D. Cal. 2005).

21

22          relief.

23

24          (c) Definition.--As used in this section, the term "prisoner" means any person
            incarcerated or detained in any facility who is accused of, convicted of,
25          sentenced for, or *adjudicated delinquent* for, violations of criminal law or the
            terms and conditions of parole, probation, pretrial release, or diversionary
26          program.

27   28 U.S.C. § 1915A (emphasis added). By its express definition of "prisoner," this statute

28   applies to an "adjudicated delinquent" such as S.A., the minor herein.

- 6 -

1    Despite Plaintiff's failure to formally move to amend his Complaint[6] and

2  the Court's overly broad indication in its August 7, 2008 Order that it would not grant

3  such amendment *sua sponte*, docket # 11 at 1, the Court will dismiss Plaintiff's

4  Complaint with leave to timely file an Amended Complaint, consistent with this Order.

5

6      **ARIZONA'S IMMUNITY FOR THE CRIMINAL ACTS OF ITS EMPLOYEES**

7    Relying upon A.R.S § 12-820.05(B),[7] Defendants seek dismissal of, at

8  least, Counts One and Two which are predicated upon Sommerville's sexual misconduct

9  with the juvenile, S.A. (docket # 5 at 2-3)  Defendants correctly point out that their

10  "immunity is limited to situations where the public entity does not know of its

11  employee's 'propensity for that action,' A.R.S. § 12-820.05(B), [and] Plaintiff has not

12  pled any facts from which one might infer that the State had the requisite knowledge." *Id*.

13    Even though Arizona's limited immunity statute was enacted in 1984,[8] it

14  appears that no Arizona appellate court has directly addressed how much evidence must

15

16    [6] Plaintiff's Response indicates that "[i]n the event information through disclosure or

17  discovery identifies other pertinent facts or parties, Plaintiffs (sic) request leave to amend the
   Complaint." (docket # 8 at 7)

18

19    [7] A.R.S. § 12-820(B) provides:

20      B. A public entity is not liable for losses that arise out of and are directly
      attributable to an act or omission determined by a court to be a criminal felony

21      by a public employee unless the public entity knew of the public employee's
      propensity for that action. This subsection does not apply to acts or omissions

22      arising out of the operation or use of a motor vehicle.

23

24  A.R.S. § 12-820(B)

25    [8] In 1984, Arizona's legislature enacted the Actions Against Public Entities or Public
   Employees Act, codified at A.R.S. §§ 12-820 to 12-823. For a discussion of the legislative

26  history of this act, see *City of Tucson v. Fahringer*, 164 Ariz. 599, 600, 795 P.2d, 819, 820
   (1990), and Note, A Separation of Powers Analysis of the Absolute Immunity of Public

27  Entities, 28 Ariz.L.Rev. 49, 50 (1986).

28

be pled and proven to establish a *prime facie* case of the State's liability for the felonious acts of its employees. In 2003, however, the Hon. Roslyn O. Silver, United States District Judge, authored *McGrath v. Scott*, 250 F.Supp.2d 1218, 1233-35 (D. Ariz. 2003) and predicted how the Arizona Supreme Court would rule on a similar immunity issue presented in that case. In *McGrath*, Judge Silver drew an analogy with a different statute, A.R.S. § 41-621(L)(1), which contains language identical to A.R.S § 12-820.05(B), and followed its interpretation by the Arizona Court of Appeals in *State v. Heinze*, 196 Ariz. 126, 993 P.2d 1090 (App.1999).  Judge Silver concluded in *McGrath* that "[e]nough evidence existed, despite no prior felonies by the State's employee, to allow a jury to find that if the State was 'aware of the work environment [the State] created, it should have anticipated even the final [felonies of rape and sexual assault] with which [the State employee] is charged in these cases.' " *Id*. at 1234.

The Court will dismiss Plaintiff's Complaint with leave to timely file an Amended Complaint to plead sufficient facts, if he can, to meet the new *Twombly* standard and survive another dispositive motion on the immunity issue.

## WHETHER DEFENDANTS ARE "PERSONS' WITHIN MEANING OF § 1983

Section 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.  *Alright v. Oliver*, 510 U.S. 266 (1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  Neither a state nor its employees acting in their official capacity is considered a "person" under § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002); *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003).

The State and its employees Branham and Warren are not subject to suit for

1   damages in their official capacities.[9]  Because "it appears beyond doubt that [P]laintiff

2   can prove no set of facts in support of his [§ 1983] claim[s] which would entitle him to

3   relief[,]" *Twombly*, 127 S.Ct. at 1967-69, Plaintiff's claims for damages in Counts Three

4   and Four against Defendants in their official capacities will be dismissed without leave to

5   amend.

6                    **ADOJC IS NOT A JURAL ENTITY**

7            Defendants' Motion seeks dismissal of Defendant ADOJC because it is not

8   an jural entity separate and apart from the State of Arizona. (docket # 5 at 3-4)  Plaintiff

9   apparently concedes that ADOJC is not a proper party to this lawsuit because his

10  Response wholly fails to address this issue.

11           "State agencies that may sue and be sued are known as jural entities;

12  non-jural entities are not subject to suit."  *Morgan v. Arizona*, 2007 WL 2808477, * 8 (D.

13  Ariz. 2007) (citations omitted). Citing "settled" Arizona case law and contrasting it with

14  governmental administrative agencies or entities "which are expressly authorized to sue

15  and be sued in their own right[,]" Defendants argue that "an action cannot be brought

16  against a state agency that lacks the authority to sue and be sued." *Kimball v. Shofstall*,

17  17 Ariz. App. 11, 13, 494 P.2d 1357, 1359 (Az. App. Ct. 1972) ("Neither the constitu-

18  tion nor [Arizona] statutes provide that the State Board [of Education] is an autonomous

19  body with the right to sue and to be sued."); *Yamamoto v. Santa Cruz County Board of

20  Supervisors*, 124 Ariz. 538, 539, 606 P.2d 28, 29 (Az. App. Ct. 1979)("A court has no

21  jurisdiction until a party is brought before it who legally exists and is legally capable of

22  being sued"). *Id*. at n. 3. Also see, *Morgan*, *supra*. (The Arizona Department of

23  Corrections "is a creation of the Arizona Legislature. . . The enabling legislation for

24  ―――――――――――――――

25         [9] An exception to this immunity rule applies to claims for injunctive relief against a
    state official in his or her official capacity. *Bank of Lake Tahoe*, 318 F.3d at 918. Because
26  Plaintiff seeks only monetary damages and not injunctive relief, see docket # 1 at 16-17, this
    exception is not applicable to this case.
27

28

1    ADOC does not authorize it to sue or be sued in its own right as a separate and distinct

2    legal entity.").

3           Plaintiff's Response completely fails to address Defendants' arguments that

4    ADOJC should be dismissed from this lawsuit because it may not be sued "as a separate

5    and distinct legal entity." *Morgan*, 2007 WL 2808477 at * 8. Defendants' Motion as to

6    ADOJC will be granted without leave to amend. *Twombly*, 127 S.Ct. at 1967-69.

7

8          **NO FACTS ALLEGED FOR LIABILITY OF BRANHAM AND WARREN**

9           Defendants move for dismissal of the § 1983 claims against Defendants

10    Branham, Director of ADOJC, and Warren, Deputy Director of ADOJC, presumably in

11    both their official and individual capacities. The Court has already discussed dismissal of

12    these parties as Defendants in their official capacities.

13           Under § 1983, a supervisor is personally liable if he or she caused a

14    constitutional deprivation. *Heath v. Maricopa County*, 2007 WL 1526430, * 6 (D. Ariz.

15    2007) (citing *Chew v. Gates*, 27 F.3d 1432, 1446 (9th Cir. 1994)). To establish a § 1983

16    claim against a supervisor, a plaintiff must show, "1) [the supervisor's] personal

17    involvement in the constitutional deprivation, or 2) a sufficient causal connection

18    between the supervisor's wrongful conduct and the constitutional violation." *Heath*, 2007

19    WL 1526430 at * 6 (citing *Redmond v. County of San Diego*, 942 F.2d 1435, 1446 (9th

20    Cir. 1991) (citations omitted). As previously discussed, a state's supervisors cannot be

21    held liable on any theory of vicarious liability under § 1983 and they "are not liable for

22    actions of subordinates on any theory of vicarious liability." *Hansen v. Black*, 885 F.2d

23    642 645-46 (9th Cir. 1989). The State's supervisors are only potentially liable for their

24    individual actions.

25           State supervisors may be subject to § 1983 liability "even without overt

26    personal participation in the offensive act if supervisory officials implement a policy so

27    deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving

28    force of the constitutional violation.' " *Hansen*, 885 F.2d 642 at 646 (citing *Thompkins v.*

1  *Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987)).[10]  A supervisor may also be liable for the

2  constitutional violations of subordinates "if the supervisor participated in or directed the

3  violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880

4  F.2d 1040, 1045 (9th Cir. 1989).

5  　　　　　The Complaint contains neither specific factual allegations against

6  Defendants Branham and Warren nor allegations that they are liable in their individual

7  capacities as supervisors for their own misconduct or that of Sommerville's. There are no

8  allegations detailing exactly how these Defendants were directly or indirectly involved in

9  the deprivation of S.A.'s rights and no specific allegations of the actions they took which

10  led to the deprivation of S.A.'s rights. The Complaint's bald conclusions without more

11  that Sommerville's "sexual misconduct was known or should have been known," docket

12  # 1, ¶ 22 at 14, by Defendants Branham and Warren and they failed to act to prevent the

13  sexual misconduct from occurring or reoccurring are just the kind of "labels and

14  conclusions" disfavored in *Twombly*. 127 S.Ct. at 1965.

15  　　　　　To be fundamentally fair to S.A., amendment of the Complaint is

16  authorized even his counsel should have anticipated this § 1983 action would be removed

17  to federal court which has applied the *Twombly* standard since May 21, 2007 in order to

18  reduce the costs of potentially groundless litigation. Because this Court is unable to

19  determine at this time if the Complaint may be cured by the allegation of specific facts,

20  *Lopez*, 203 F.3d at 1127, the Court will dismiss Plaintiff's Complaint with leave to timely

21  file an Amended Complaint to plead sufficient facts, if Plaintiff can, to comply with the

22  new *Twombly* standard.

23  　　　　　Accordingly,

24  　　　　　**IT IS ORDERED** that Defendants' Motion to Dismiss, docket # 5, is

25  **GRANTED** solely as to (1) Plaintiff's § 1983 claims alleged in Counts Three and Four

26

27  　　　[10] Plaintiff's reliance on *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006) is
   misplaced. This opinion was withdrawn and superseded on denial of rehearing by *Hydrick
28  v. Hunter*, 500 F.3d 978 (9th Cir. 2007).

1    against the Defendant State of Arizona and Defendants Michael Branham and Kellie

2    Warren in their official capacities as State employees, and (2) Defendant Arizona

3    Department of Juvenile Corrections without leave to amend.

4            **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss, docket

5    # 5, is **GRANTED** as to Plaintiff's remaining claims with leave to file an Amended

6    Complaint on or before **Monday, October 6, 2008**. Absent good cause shown, failure to

7    file an Amended Complaint by this deadline shall result in the denial of leave to amend

8    *ab initio* by operation of law and the Clerk is hereby directed to enter Judgment in favor

9    of Defendants and terminate this case.

10           **IT IS FURTHER ORDERED** that Plaintiff's alleged service of process

11   on Defendant Kellie Warren is hereby **QUASHED**. Absent good cause shown and if an

12   Amended Complaint is timely filed, Plaintiff shall properly serve Defendant Kellie

13   Warren with the Amended Complaint on or before **October 31, 2008** or this lawsuit may

14   be dismissed against her pursuant to Rule 4(m), FED.R.CIV.P.[11]  See, *Mann v. Am.*

15   *Airlines*, 324 F.3d 1088, 1090-91 (9th Cir. 2003).

16           Dated this 22nd day of September, 2008.

17

18

19                                   Lawrence O. Anderson
                                     United States Magistrate Judge
20

21

22

23

24

_____

25

26   [11] Counsel are encouraged to cooperate with each other and waive service of process
     pursuant to Rule 4(d), FED.R.CIV.P., to reduce the costs of litigation. *Hy Cite Corp. v.*
27   *Badbusinessbureau.com*, 418 F.Supp.2d 1142, 1153 (D.Ariz. 2005) ("The Federal Rules of
     Civil Procedure impose a duty on certain defendants 'to avoid unnecessary costs of serving
28   the summons.' "). Waiver of service satisfies this Order.